IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LIBERTY PEAK VENTURES, LLC, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 2:21-CV-00417-JRG |
| REGIONS FINANCIAL CORPORATION, REGIONS BANK, | § § § § § | |
| *Defendants*. | § § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Regions Financial Corporation and Regions Bank's (collectively "Regions" or "Defendants") Motion to Dismiss Under Rule 12(b)(6) (the "Motion"). (Dkt. No. 16). Having considered the Motion, the subsequent briefing, and for the reasons stated herein, the Motion is **DENIED**.

### I.   BACKGROUND

On November 9, 2021, Plaintiff Liberty Peak Ventures, LLC ("LPV") filed the above-captioned case against Defendants alleging infringement of U.S. Patent Nos. 7,953,671 (the "'671 Patent"), 8,794,509 (the "'509 Patent"), 8,851,369 (the "'369 Patent"), 9,195,985 (the "'985 Patent"), 6,820,802 (the "'802 Patent), and 8,905,301 (the "'301 Patent) (collectively, the "Asserted Patents"). (Dkt. No. 1 at 1) (the "Complaint"). On January 18, 2022, Defendants moved to dismiss LPV's Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim for direct and indirect infringement. (Dkt. No. 16).

### II.   LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A

Court can dismiss a complaint that fails to meet this standard. Fed. R. Civ. P. 12(b)(6). To survive dismissal at the pleading stage, a complaint must state enough facts such that the claim to relief is plausible on its face. *Thompson v. City of Waco*, 764 F.3d 500, 502 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads enough facts to allow the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court accepts well-pleaded facts as true and views all facts in the light most favorable to the plaintiff, but is not required to accept the plaintiff's legal conclusions as true. *Id.*

In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). "The court may consider 'the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.'" *Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 935 (E.D. Tex. 2016) (quoting *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).

In the context of patent infringement, a complaint must place the alleged infringer on notice of what activity is being accused of infringement. *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017). However, the plaintiff is not required to prove its case at the pleading stage. *Id.* Assessing the sufficiency of pleadings is a context specific task; simpler technologies may require less detailed pleadings, while more complex technologies may demand more. *Disk Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018).

### III. DISCUSSION

Defendants' argue that LPV's Complaint is deficient with respect to LPV's claims for direct and indirect infringement. The Court finds that neither of these arguments have merit.

A.     **Direct Infringement**

Defendants' primary argument is that LPV's Complaint "fails to support a plausible theory of direct infringement as to even one of the six" Asserted Patents.[1] (Dkt. No. 16 at 4). Defendants' traverse the six Asserted Patents and attempt to liken LPV's Complaint to that in *Chapterhouse, LLC v. Shopify, Inc.*, No. 2:18-cv-300, 2018 WL 6981828 (E.D. Tex. Dec. 11, 2018) ("*Chapterhouse*"). (*Id.* at 1). Plaintiff argues that, like in *Chapterhouse*, LPV "repeatedly fails to link the screenshots to the claim elements they allegedly illustrate." (*Id.*). Defendants argue that the screenshots LPV included in its Complaint do not "come from Regions, reference Regions, or specifically relate to a Regions product or service." (*Id.* at 5). Further, Defendants argue that "LPV fails to address how the screenshots correspond to the limitations of any single claim of the" Asserted Patents. (*Id.*).

LPV responds that Defendants ignore "the 65-page Complaint in its entirety," and "Regions cherry-picks selective quotes and focuses mostly on challenging the screenshots that LPV provides for additional context and support." (Dkt. No. 23 at 2). LPV distinguishes its Complaint from that in *Chapterhouse* by arguing that in that case, "the Court found that Chapterhouse provided no factual allegations *other than screenshots*." (*Id.* at 3). However, LPV argues that its "Complaint provides screenshots, document excerpts, and diagrams as additional support and illustration of the *detailed factual allegations* that tie the accused products to the Asserted Patents." (*Id.*). Specifically, LPV argues that its "Complaint specifically includes facts and allegations that derive from multiple sources of evidence, including:"

> (1) Regions' website, statements made by Regions, and Regions' customer documentation;

---

[1] Defendants' briefing addresses each patent individually but incorporates, references, and re-urges the same arguments between the asserted patents. In light of this, the Court addresses each of Defendants' asserted arguments but sees no need to repetitively address each patent individually.

>   (2) industry standards practiced by Regions and other banks, and
>
>   (3) documentation from Regions' service providers and partners that help Regions facilitate the card transactions and mobile payments that form the basis of LPV's infringement allegations.

(*Id.* at 5). LPV argues that "[a]t a minimum, Regions is 'on notice of what activity . . . is being accused of infringement.'" (*Id.*) (citing *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1284 (Fed. Cir. 2013)).

The Court is not persuaded that LPV has failed to plausibly allege direct infringement of the Asserted Patents. The Court has recently, and more than once, cautioned litigants on their over-reliance on the *Chapterhouse* case. *See, e.g.*, *United Servs. Auto. Ass'n v. PNC Bank N.A.*, No. 2:20-cv-319, Dkt. No. 192 at 7 (E.D. Tex. Sept. 3, 2021) ("*USAA*"); *Fractus, S.A. v. TCL Corp.*, No. 2:20-cv-097, 2021 WL 2483155, at *2–3 (E.D. Tex. June 2, 2021). This Court has recognized that the "fatal flaw in the *Chapterhouse* complaint was the failure to include descriptive explanations of the screenshots included in the complaint." *Fractus*, 2021 WL 2483155, at *3. The Court expressly noted in *Fractus* "that a complaint should not demand the same level of specificity as infringement contentions." *Id.* The Court finds that Defendants are advocating for such a proposition here. LPV has provided a sixty-five page complaint with nearly 150 paragraphs detailing the various standards related to the credit, debit, and mobile pay cards Defendants allegedly provide their customers. (*See, e.g.*, Complaint ¶¶ 20–59). Specifically, LPV provides numerous screenshots of Defendants' website and a lengthy traversal of the relevant Europay, Mastercard, and Visa ("EMV") standards to argue that "[b]y utilizing EMV standards, the Accused Instrumentalities include systems and methods for offering, providing, registering, facilitating, maintaining, transacting, authenticating, and processing commercial transactions via credit and debit cards and associated accounts that are covered by the Asserted Patents." (*Id.*). Such goes beyond the mere inclusion of screenshots without explanation in *Chapterhouse*. Rather, LPV

4

identifies the accused instrumentality (Complaint ¶ 19), alleged that Defendants infringe one or more claims of the Asserted Patents (Complaint ¶¶ 19–59, 65–68, 79–82, 93–96, 107–110, 121–124, 134–137), and identified, along with screenshots, particular components of the accused instrumentalities that allegedly infringe the Asserted Patents (*Id.*). This is sufficient at this early stage to avoid dismissal. *USAA*, No. 2:20-cv-319, Dkt. No. 192 at 7.

### B. Indirect Infringement

With respect to indirect infringement, Defendants argue that "LPV fails to allege any factual basis for its claims of indirect infringement by inducement." (Dkt. No. 16 at 15). In one paragraph, Defendants raise two arguments. (*Id.*). "First, LPV fails to plead facts that support a plausible claim for direct infringement by anyone, let alone a third party." (*Id.*) (citing *In re Bill of Lading Transmission & Processing Sys. Patent Lit.*, 681 F.3d 1323, 1330 (Fed. Cir. 2012)). Second, Defendants argue that "LPV fails to plead the requisite elements for its inducement claims"—namely "LPV's complaint contains no allegations or facts whatsoever relating to whether Regions specifically intended for any third parties to infringe the patents-in-suit or knew that any third party acts constituted infringement." (*Id.*) (citing *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14-cv-752, 2015 WL 4910427, at *3 (E.D. Tex. Aug. 14, 2015)).

LPV responds that, as described above, it has sufficiently pled direct infringement. (Dkt. No. 23 at 20). LPV notes that it specifically alleged that "Regions induces infringement of the '671 patent from its 'distributors, partners, customers, clients, subsidiaries, and/or consumers and also other payment platforms (e.g, Samsung and Google mobile wallets) that distribute, purchase, offer to sale, sell, use, and service the Accused Instrumentalities." (*Id.* at 21) (quoting Complaint ¶ 70). LPV argues that it provides similar factual allegations of induced infringement for each of the Asserted Patents. (*Id.*). With respect to Defendants' second argument on inducement, LPV cites to Paragraph 71 of its Complaint and argues that it "explicitly alleges that Regions 'intend[s]

to cause, and ha[s] taken affirmative steps to induce infringement by distributors, partners, customers, clients, subsidiaries, and/or consumers and other payment platforms used with the Accused Instrumentalities." (*Id.*; *see also id.* at 22) (citing Complaint ¶ 71).

Although Defendants provide a somewhat cursory argument on this score, the Court has reviewed the Complaint and finds that it is sufficient at this early stage. As explained above, LPV has sufficiently alleged direct infringement. Furthermore, the Court is persuaded that LPV has provided allegations sufficient to allege a claim for induced infringement. Specifically, LPV has alleged the requisite intent by Defendants to induce infringement of the Asserted Patents. (Complaint ¶ 71). At the pleadings stage, the Court draws all reasonable inferences from the well-pleaded allegations in LPV's favor and likewise finds that LPV has pled facts sufficient to state a claim for induced infringement. *RightQuestion, LLC v. Samsung Elecs. Co., Ltd.*, No. 2:21-cv-238, 2022 WL 507487, at *3 (E.D. Tex. Feb. 18, 2022); *BillJCo, LLC v. Cisco Sys., Inc.*, No. 2:21-cv-181, 2021 WL 6618529, at *6 (E.D. Tex. Nov. 30, 2021).

IV.   **CONCLUSION**

For the reasons stated herein, Defendants' Motion is **DENIED** in all respects.

**So ORDERED and SIGNED this 15th day of March, 2022.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE